Opinion issued August 21, 2009


 









    


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00690-CR
____________

MICHAEL MBUGUA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
 Harris County, Texas
Trial Court Cause No. 1068887




CONCURRING OPINION

I am compelled to concur in the decision of the Court and write separately to
express my concern over the conduct of the police, trial counsel, and the State in this
case. 
Appellant was clearly in custody at the time that he first made incriminating
statements, and I would expressly so hold. Telling a person repeatedly that he is “not
under arrest” will neither cloak all sins nor absolve police from failing to provide a
person required warnings


 before interrogation when that person is, in fact, in
custody. Behavior may speak as loudly as words, and when police behavior would
cause a reasonable person to feel that he or she was not at liberty to terminate the
interrogation and leave, then that person is in custody, no matter how many times an
officer may declare otherwise.


 See Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.
Crim. App. 1996); Thompson v. Keohane, 516 U.S. 99, 112, 116 S. Ct. 457, 465
(1995). 
In this case, the detective’s refusal to allow appellant to use the telephone at the
time that appellant requested it and the detective’s statements to appellant that
officers would “not allow” him to “to make a phone call right now,” that officers were
“going to just have you talk to us right here,” and that appellant could make a phone
call “after you talk to us” would have led a reasonable person to believe that his
freedom of movement had been significantly restricted, Dowthitt, 931 S.W.2d at 255,
and a reasonable person would have felt that he or she was not at liberty to terminate
the interrogation and to leave.


 Thompson, 516 U.S. at 112, 116 S. Ct. at 465.             At that point, appellant was in custody. The police were, therefore, required
to provide him with the proper warnings and to receive from him a knowing,
intelligent, and voluntary waiver of his rights before questioning him.


 They did not. 
They proceeded with a custodial interrogation and did not bother to warn him or to
seek a waiver of his rights until after appellant had already given incriminating
statements as the result of that custodial interrogation. 
          The police officers’ failure to timely provide appellant his required warnings
is compounded (indeed, fatally) by trial counsel’s failure to preserve this complaint
for appellate review, which precludes us from reviewing what seems to me to be the
improper admission at trial of statements made as a result of custodial interrogation
without proper warnings and without a proper waiver of rights. Trial counsel must
be vigilant to properly assert, present, and argue all grounds at trial that are
appropriate to suppress a client’s statement that was taken in violation of
constitutional or statutory rights. While appellant would undoubtedly have been
convicted even without the admission of his statement (the often recited phrase by
prosecutors to describe sure-win cases—“like shooting fish in a barrel”—has rarely
been more appropriate), he may well not have had his own words used against him
if the rights that are granted to all under our laws had been properly championed by
the person who had the particular duty to do so.
 

          Lastly, the State need not have introduced this statement to secure appellant’s
conviction. Appellant was witnessed by at least two people in the commission of this
offense. Appellant’s wrecked vehicle was at the scene, complete with a clear trail
from that vehicle to the decedent. And, although forensic scientists at the Houston
Police Department did not trace appellant’s fingerprints to the knives found on site,
there was little need to—fingerprints should be a mere footnote in a case file when
a piece of the appellant’s actual finger was left behind! Thus, the use of appellant’s
constitutionally suspect statement against him was not only violative of his rights, but
wholly unnecessary to secure justice.
 
 
Jim Sharp
Justice

Panel consists of Justices Bland, Sharp, and Taft.



Justice Sharp, concurring.
Publish. See Tex. R. App. P. 47.2(b).